

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **DARRELL MONGAR,** | ) | **Docket No.: 2017-03-0579** |
| **Employee,** | ) | |
| **v.** | ) | |
| **CAMPBELL COUNTY** | ) | **State File No.: 36535-2017** |
| **GOVERNMENT,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **ABIGAIL HUDGENS, Administrator** | ) | **Judge Pamela B. Johnson** |
| **of the Bureau of Workers'** | ) | |
| **Compensation, SUBSEQUENT** | ) | |
| **INJURY AND VOCATIONAL** | ) | |
| **RECOVERY FUND.** | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS
## (ON-THE-RECORD DETERMINATION)

This matter came before the undersigned Workers' Compensation Judge on Darrell Mongar's Request for Expedited Hearing (REH) seeking a decision on the record. Campbell County and the Subsequent Injury Fund did not request an evidentiary hearing.

The Court issued a Docketing Notice and gave the parties until November 27, 2017, to file position statements and any objection to the admissibility of the listed documents. Upon careful consideration of the record, this Court finds it needs no additional information to determine whether Mr. Mongar is likely to prevail at a hearing on the merits and decides this matter upon a review of the written materials.

The central legal issue is whether Mr. Mongar is entitled to medical benefits for his bilateral hearing loss and tinnitus. For the reasons set forth below, the Court holds Mr. Mongar came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits on entitlement to a panel of physicians.

1

## History of Claim

A review of the written materials revealed the following facts. Mr. Mongar discovered he suffered hearing loss allegedly arising out of and in the course and scope of his eighteen-year employment as a deputy sheriff and canine officer for Campbell County. His job duties exposed him to noise from gunfire and sirens. Before this employment, he served in the United States Marine Corps for four years and worked as a security guard for Oak Ridge National Laboratories.

Mr. Mongar noticed a worsening of ringing in both ears in the last two to three years of his employment at Campbell County. He acknowledged the Veterans Administration (VA) prescribed a hearing aid for his left ear. He noticed noise was greatly amplified during the last two to three years at Campbell County while wearing the hearing aid. He was last exposed to his work environment on December 14, 2016, when he took medical leave for other health issues.

Mr. Mongar saw Dr. C.M. Salekin on February 26, 2017, for an evaluation, who noted Mr. Mongar suffered an injury to the inner ear due to chronic loud noise exposure. He indicated Mr. Mongar's injury involved the aggravation of a pre-existing condition and his employment activities were primarily responsible for advancing that condition and the need for treatment. Dr. Salekin recommended that Mr. Mongar avoid loud noise exposure, use hearing protection, and cease working to prevent further worsening of his multiple medical problems. Mr. Mongar has not worked since taking medical leave due to his other conditions, which are the subject of pending litigation before this Court.

The next day, Mr. Mongar gave notice of his alleged hearing loss to Campbell County and requested a panel of ENT physicians. Campbell County denied his request.

Mr. Mongar saw Dr. Brynae Miley, an ENT physician, on March 22 and reported hearing loss since 1985 with worsening over the previous ten years. Mr. Mongar stated his left ear was worse than his right. She noted noise exposure while in the Marines and in his employment as a police officer, as well as the hearing aid that the VA prescribed. Dr. Miley performed an audiometry test and diagnosed bilateral sensorineural hearing loss (left ear worse than right) and bilateral tinnitus. She recommended a hearing aid for the right ear and a brain MRI to rule out retrocochlear pathology.

Dr. Salekin later reviewed the audiogram results and diagnosed significant occupational hearing loss and bilateral tinnitus.

## Findings of Fact and Conclusions of Law

Mr. Mongar need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an Expedited Hearing. *McCord v. Advantage Human*

*Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2017).

To be compensable, an injury must arise primarily out of and in the course and scope of the employment that causes the need for medical treatment. An injury shall not include the aggravation of a pre-existing condition unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment. *See* Tenn. Code Ann. § 50-6-102(14)(A).

Here, Mr. Mongar came forward with sufficient evidence demonstrating he is likely to prevail at a hearing on the merits that his injury or aggravation of a pre-existing condition arose primarily out of and in the course and scope of his employment. Mr. Mongar stated his eighteen-year employment as a deputy sheriff exposed him to noise from gunfire and sirens. He further stated he noticed a worsening of the ringing in his ears in the last two to three years of his employment at Campbell County. He acknowledged previous difficulties with his left ear that resulted in the prescription of a hearing aid. While wearing the hearing aid, he noticed noise was greatly amplified during the last two to three years at Campbell County.

The evidence further demonstrated that he saw Dr. Salekin, who noted an injury to the inner ear due to chronic loud noise exposure and that his employment activities were primarily responsible for advancing the pre-existing condition and need for treatment. Dr. Salekin reviewed the audiogram and diagnosed significant occupational hearing loss and bilateral tinnitus. Likewise, Dr. Miley diagnosed bilateral sensorineural hearing loss (left ear worse than right ear) and bilateral tinnitus.

Campbell County offered no medical evidence to contradict the findings of Dr. Salekin or Dr. Miley. As the Workers' Compensation Appeals Board observed, when "[t]he only medical opinion addressing causation contained in the record is contrary to [Employer's] position[,] [a]bsent countervailing medical proof, this opinion must carry the day.'" *Schmidt v. City of Dickson,* 2017 TN. Wrk. Comp. App. Bd. LEXIS 67, *15 (Oct. 31, 2017).

The only medical evidence before the Court is the opinions of Dr. Salekin and Dr. Miley, who diagnosed bilateral sensorineural hearing loss and tinnitus. Dr. Salekin further stated the employment activities were primarily responsible for advancing the pre-existing condition and causing the need for treatment. The record is clear both physicians knew of the pre-existing noise exposure, hearing loss, and treatment, yet still reached their conclusions. Absent countervailing evidence, the Court must conclude that Mr. Mongar is likely to prevail at a hearing on the merits on entitlement to a panel of ENT.

3

**IT IS, THEREFORE, ORDERED** as follows:

1. Campbell County shall provide medical benefits to Mr. Mongar, to be initiated by providing a panel of physicians under Tennessee Code Annotated section 50-6-204.

2. This matter is set for a Status Conference on **February 22, 2018**, at **10:00 a.m. Eastern Time**. The parties must call (865) 594-0091 or toll-free (855) 543-5041 to participate in the Status Conference. Failure to appear by telephone may result in a determination of the issues without the party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Carrier must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED December 19, 2017.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

4

# APPENDIX[1]

The Court reviewed the following documents, marked as exhibits for ease of reference:

1. Petition for Benefit Determination with attachments
   a. Documents submitted by Employee: Medical Records of Dr. Harjeet Narula
   b. Documents submitted by Employer: Position Statement Letter
   c. Documents created by the Bureau
2. Dispute Certification Notice
3. Order
4. Request for Expedited Hearing with Attachments
   a. Collective Exhibit 1:
      i. Affidavit of Darrell Mongar
      ii. Letter to Employer's counsel
      iii. Standard Form Medical Report (Form C-32) of Dr. C.M. Salekin (02/26/17)
      iv. Medical Records of Dr. Patrick Bolt
   b. Collective Exhibit 2:
      i. Medical Records of Dr. Brynae Miley
5. Notice of Intent to Use Standard Form Medical Reports of Dr. C.M. Salekin
      i. Affidavit of Attorney
      ii. Standard Form Medical Report (Form C-32) of Dr. C.M. Salekin (02/26/17, *duplicate)*
      iii. Standard Form Medical Report (Form C-32) of Dr. C.M. Salekin (04/29/17)
6. Docketing Notice for On-The-Record Determination
7. Response to Request for Expedited Hearing
8. Reply to Response to Request for Expedited Hearing

---

[1] Dr. Narula's (Ex. 1) and Dr. Bolt's (Ex. 4) records did not reference Mr. Monger's alleged bilateral hearing loss and tinnitus. The Court did not consider records addressing conditions other than bilateral hearing loss or tinnitus and reminds the parties that only documents relevant to the disputed issue should be filed. *See Love v. Delta Faucet,* 2016 TN. Wrk. Comp. App. Bd. LEXIS 45, at *9-11 (Sept. 19, 2016). The Court further finds the records do not contain a table of contents and the pages are unnumbered in violation of Rule 0800-02-21-.16(6)(c) of the Tennessee Compilation Rules and Regulations.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on December 19, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| David H. Dunaway, Employee's Attorney | | | X | dhdunaway@aol.com |
| Rhonda Bradshaw, Employer's Attorney | | | X | rlb@spicerlfirm.com |
| Allison Lowry, Fund's Attorney | | | X | allison.lowry@tn.gov |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

6